FIDELITY TRUST CO. v. HUTCHINSON CHEMICAL & ALKALI CO. et al.

(Circuit Court of Appeals, Eighth Circuit.    March 8, 1915.)

No. 4281.

CORPORATIONS &⇒482—MORTGAGES—EXPENSES OF TRUSTEE—PAYMENT.

> Under a corporate deed of trust, charging the expenses of the trustee in executing the trust upon the proceeds arising on a sale, where, notwithstanding a reorganization of the corporation participated in by all of the stockholders and all of the other bondholders, the holders of the mortgage bonds had a legal right to have the deed of trust foreclosed, the expenses of the trustee and its counsel in the foreclosure suit should have been charged upon the proceeds of the sale, and the court erred in ruling that they should be paid by the bondholders at whose instance the suit was brought, since, if they were entitled to a foreclosure, they could not be penalized for exercising their legal right, nor could the trustee be compelled to look to the personal responsibility of the bondholders for the payment of its expenses.

> [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1870, 1877–1888; Dec. Dig. &⇒482.]

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Suit by the Fidelity Trust Company against the Hutchinson Chemical & Alkali Company and others. From a decree for plaintiff for insufficient relief, it appeals. Reversed, with directions.

Justin D. Bowersock, of Kansas City, Mo. (Lester W. Hall, Inghram D. Hook, and Robert B. Fizzell, all of Kansas City, Mo., on the brief), for appellant.

C. M. Williams, of Hutchinson, Kan., for appellees.

Before ADAMS and CARLAND, Circuit Judges, and AMIDON, District Judge.

AMIDON, District Judge. The plaintiff, the Fidelity Trust Company, was the trustee in a mortgage given to secure an issue of $250,000 in bonds made by the defendant. Default was made in the payment of the interest, and holders of the bonds to the amount of about $11,500 applied to the trustee to foreclose. The evidence shows that the defendant company has been reorganized, and that all its stockholders and bondholders, with the exception of the $11,500 which caused this suit to be brought, have gone into the new plan. The

---

trial court, however, found that there was no legal ground upon which the holders of the $11,500 of bonds, who refused to go into the new scheme, could be prevented from having their mortgage foreclosed, and it entered a decree accordingly. It also fixed the compensation of the trust company and its counsel in the suit at $1,567.81, but refused to charge the same upon the proceeds arising from the sale of the mortgaged property, and ruled that they should be paid by the bondholders at whose instance the suit was brought.

This was clearly erroneous. By the express provision of the trust deed, the expenses of the trustee in executing the trust are made a first charge upon the proceeds arising on the sale. If the bondholders were entitled under the trust deed to its foreclosure, as the court has found they were, then they could not legally be penalized for exercising their right. On the other hand, if the trustee in foreclosing the mortgage simply performed its duty under the deed of trust, then it could not be compelled to look to the personal responsibility of the bondholders at whose instance it brought the suit for the payment of its expenses.

The order appealed from is reversed, with directions to charge the $1,567.81 against the property covered by the trust deed, and the proceeds arising from its sale, in case the same is sold.